**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **PARKER HANNIFIN CORPORATION,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| **v.** | **)** | **No. 05-1041 T** |
| | **)** | **The Honorable Thomas C. Wheeler** |
| **THE UNITED STATES,** | **)** | |
| | **)** | |
| **Defendant.** | **)** | |

**MOTION OF THE UNITED STATES TO DISMISS THE COMPLAINT FOR LACK OF JURISDICTION**

Defendant, the United States, pursuant to Rule 12(b)(1), respectfully moves the Court to dismiss the Complaint, on the grounds that the Court is without jurisdiction over the claim set out therein. As good cause therefor, defendant states as follows:

BACKGROUND

It is a jurisdictional prerequisite to the filing of a suit for refund of federal tax that the taxpayer have timely filed an administrative claim for refund with the Internal Revenue Service, setting out the grounds which he alleges entitle him to recover. 26 U.S.C. § 7422(a). That claim must be filed within 3 years of the filing of the return for the year for which a refund is sought, or within 2 years of a payment with respect to that year.[1/] 26 U.S.C. § 6511(a). Moreover, the

[1/] If the Internal Revenue Service disallows the claim, then the taxpayer has two years within which to file suit (26 U.S.C. § 6532(a)(1)), but this date can be extended, and it was

administrative claim must specify the grounds which the taxpayer alleges in the subsequent suit. Treasury Regulations (26 C.F.R.) § 301.6402-2. Failure to have done so deprives the court of jurisdiction to hear the suit claiming a refund on grounds that vary from those set out in the administrative claim. This is the doctrine of "variance." Plaintiff has failed to fulfill these jurisdictional prerequisites.

STATEMENT OF FACTS

For purposes of this motion only, the Government takes the facts set out in the Complaint as true, with the exceptions noted below. According to the complaint, this is a suit for refund of deficiency interest[2/] alleged by plaintiff to have been overpaid with respect to plaintiff's federal corporate income tax liability for the fiscal year ending June 30, 1987. Complaint ¶ 1. Plaintiff filed its return for that year on or about March 15, 1988. Complaint ¶ 5. Subsequent to the filing of plaintiff's return, the Internal Revenue Service assessed a deficiency against plaintiff in the amount of $13,850,890 in tax, and $5,783,569 in deficiency interest. Complaint ¶ 22. The Complaint alleges that plaintiff paid this deficiency with respect to its 1987 tax liability on or about March 15, 1995. Complaint ¶ 23. In fact, as shown on the attached transcript of account, plaintiff on that date paid only $12,434,836 (an amount insufficient to pay the principal tax deficiency). The remainder of the deficiency, and all of the deficiency interest, was paid by the crediting to the account of a $10,218,884 overpayment from plaintiff's 1988 tax year, which

---

extended in this case. 26 U.S.C. § 6532(a)(2).

[2/] "Deficiency" or "underpayment" interest is interest due from a taxpayer to the government with respect to an underpayment of tax, and is imposed by 26 U.S.C. § 6601. "Overpayment" or "credit" interest (not at issue here) is interest due from the Government to a taxpayer with respect to an *over*payment of tax, and is imposed by 26 U.S.C. § 6611.

credit was made on February 5, 1999.[3/] Exhibit A, attached hereto. That date, February 5, 1999, is significant, as we will explain below, since on that date the clock began running on plaintiff's two-year-long opportunity to file a claim for refund of that amount. That two-year period would expire in February 2001.

By letter dated May 26, 2000 (and well within that two-year period), plaintiff filed a claim for refund of about $9,000 of deficiency interest it alleged it had overpaid with respect to its 1987 tax year. Complaint ¶ 25; Complaint Ex. A. Plaintiff's 2000 claim directed the Commissioner's attention to the fact that deficiency interest for tax year 1987 had been improperly charged from March 15, 1988, to September 15, 1988, on $89,013 of the amount plaintiff had elected to credit to its estimated taxes for its 1988 year, cited Revenue Ruling 99-40 for the proposition that such interest was erroneous, and sought a refund of $9,107.03. Complaint Ex. A, at A-2 to A-3. This claim was disallowed by the Internal Revenue Service by letter of November 20, 2001. Complaint ¶ 26; Complaint Ex. B.

Following disallowance by the Internal Revenue Service of plaintiff's 2000 claim for refund, plaintiff filed a protest letter, dated May 3, 2002 (Complaint ¶ 27; Complaint Ex. C), and a second letter, dated October 22, 2004 (Complaint ¶ 28; Complaint Ex. D). These letters were sent *after* February, 2001 – *i.e.*, *more* than two years after plaintiff's payment of the amounts at issue. These letters were also sent after plaintiff's timely 2000 claim for refund had been disallowed by the Service, a fact the significance of which we will address below. These

---

[3/] That is, the Internal Revenue Service allowed plaintiff an overpayment for 1988 which, instead of being refunded to the taxpayer, was instead credited to the liability at issue here. Such crediting is authorized, and placed entirely within the discretion of the Commissioner, by 26 U.S.C. § 6402.

subsequent submissions by plaintiff, and the Complaint filed herein, do not seek the $9,000 in interest for which plaintiff had cited Rev. Rul. 99-40 in its claim filed in May, 2000. Rather they seek a refund of $3,678,960 in deficiency interest supposedly paid on the $89,013 tax deficiency, on the grounds that no deficiency interest should have been charged for the 1987 tax year for any period that the Government had the use of plaintiff's funds, due to either: a) overpayment credit elects remaining unused beyond the return due date for the succeeding tax year(s) and not used against subsequent liabilities for those years, or b) excessive estimated tax deposits made by plaintiff for any quarter, in any subsequent year. Complaint ¶¶ 19, 20; Complaint Exs. C and D. Thus, these documents claimed, for the first time, that deficiency interest for 1987 should be suspended beyond the period provided in Revenue Ruling 99-40, and that interest should be suspended for any period in which excess credit elects, or excess tax deposits, were not "needed" as a payment to an account.

DISCUSSION

Section 7422(a) of the Internal Revenue Code prohibits any suit or proceeding in any court for a refund of taxes unless "a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." A suit, such as that at bar, which seeks the refund of deficiency interest only (rather than a refund of tax) must meet the same jurisdictional prerequisites. *Alexander Proudfoot Co. v. United States*, 197 Ct. Cl. 219, 454 F.2d 1379 (1972).

Such a claim, to be timely filed, must come within three years of the time the return was filed, or within two years of the time the tax was paid (whichever is later). Internal Revenue Code § 6511. In the instant case, plaintiff's return was filed March 15, 1988, and the latest tax

payment made on February 5, 1999.[4/] Three years from March 15, 1988, is March 15, 1991, while two years from February 5, 1999, is February 5, 2001. To be timely, then, plaintiff was required to file its claim for refund on or before the later of these two dates, that is, by February 5, 2001. Plaintiff's claim filed on March 26, 2000, was therefore timely filed. But the other papers filed by plaintiff, in May of 2002, and October of 2004, were untimely.

In addition to being timely filed, a claim for refund "must set forth in detail each ground upon which a credit or refund is claimed and the facts sufficient to apprise the Commissioner of the exact basis thereof." Treasury Regulations (26 C.F.R.) § 301.6402-2. Where the taxpayer sets out one ground for recovery in the claim for refund, but in court seeks to recover on a different ground, the suit is barred by the doctrine of "substantial variance." As the Federal Circuit explained in *Lockheed Martin Corporation v. United States*, 210 F.3d 1366, 1371 (Fed. Cir. 2000):

> Courts have long interpreted § 7422(a) and Treasury Reg. § 301.6402-2(b)(1) as stating a "substantial variance" rule which bars a taxpayer from presenting claims in a tax refund suit that "substantially vary" the legal theories and factual bases set forth in the tax refund claim presented to the IRS.

In the instant case, plaintiff's first claim for refund (filed March 26, 2000) was filed within the period of limitation, but failed to raise the legal argument, or set out the factual basis for the argument, that plaintiff now makes in the complaint. While that timely claim seeks a refund based on interest suspension, it directed the Commissioner's attention only to the fact that deficiency interest for tax year 1987 had been improperly charged from March 15, 1988, to

---

[4/] The date of the credit made to the 1987 account is considered the payment date. *Republic Petroleum Corp. v. United States*, 613 F.2d 581 (5th Cir. 1980); *Simmons v. United States*, 29 Fed.Cl. 136 (1993).

September 15, 1988, on $89,013 of the amount plaintiff had elected to credit to its estimated taxes for its 1988 year, and cited Revenue Ruling 99-40 for the proposition that such interest was erroneous. The claim sought a refund of $9,107.03. The instant complaint, in contrast, claims a refund of more than $3.6 million, on grounds fundamentally different from those set out in plaintiff's timely claim, and relying on different facts. Plaintiff's suit therefore cannot rely upon its timely claim for refund to grant jurisdiction for this court to hear its suit.

There is no question that the grounds plaintiff proffers in this suit for recovery are set out in the various papers provided by plaintiff to the Commissioner *after* the expiration of the period of limitation for filing a claim for refund. The question is thus raised as to whether these may somehow form the basis for jurisdiction. They can not.

It appears that the Commissioner, as a matter of fact, did consider the grounds now offered by plaintiff, and concluded (on the merits) that they provided no basis for recovery.[5/] *See* Complaint ¶¶ 29-30. Because the requirement that a ground for recovery be clearly and specifically set out in a written claim for refund is imposed by the Commissioner's own Regulation, it has been held that he may waive that requirement, for example, by actually considering a ground for recovery not properly set out in a claim. *Angelus Milling v. Commissioner*, 325 U.S. 293 (1944). But to be effective, such a waiver, whether explicit or implicit by the Commissioner's action and behavior, must be made prior to expiration of the statute of limitation, since that statutory requirement is beyond the power of the Commissioner to waive. *United States v. Garbutt Oil Co.*, 302 U.S. 528, 533 (1938); *Sicanoff Vegetable Oil*

---

[5/] The Commissioner's determination on the merits was correct. *FleetBoston Financial Corp. v. United States*, 68 Fed. Cl. 177 (2005), *appeal docketed*.

*Corp. v. United States*, 149 Ct. Cl. 278, 285, 181 F.Supp. 265, 268 (1960); *Computervision Corp. v. United States*, 62 Fed. Cl. 299, 325-27 (2004). The Complaint does not claim that the Commissioner considered the grounds upon which plaintiff bases the instant suit at any time prior to the expiration of the statute of limitation, on February 5, 2001. The Commissioner thus did not timely waive this requirement.

It has been held that a defective claim may be clarified and made more specific by a later amendment. Such an amendment, however, must be made *before* the Commissioner rejects the original claim (since after that time there is pending no claim which might be subject to amendment), and the amendment must be germane to the original claim. *United States v. Andrews*, 302 U.S. 517 (1938); *Consolidated Coppermines Corporation v. United States*, 155 Ct. Cl. 731, 736, 296 F.2d 743, 745 (1961) ("Where the amendment is inconsistent with the former claim, or has injected new and unrelated matter, we have not allowed it"); *Allstate Insurance v. United States*, 213 Ct. Cl. 96, 104, 550 F.2d 629, 633 (1977) ("It is a rule of long standing that once a refund claim has been disallowed, it is not subject to amendment"); *Computervision Corp. v. United States*, 62 Fed. Cl. 299, 327-29 (2004); *Mobil Corp. v. United States*, 52 Fed. Cl. 327, 335-37 (2002). In the instant case, plaintiff's later papers not only injected new and unrelated matter (both legal and factual) and were thus not germane to the original claim, but were filed after the original claim was denied, and were thus untimely. Either defect is sufficient to defeat a claim of amendment.

Plaintiff has thus failed to file a timely claim for refund setting out the grounds for recovery urged in the instant suit. Neither has plaintiff properly or timely amended its timely but defective claim to include the grounds upon which it now relies, nor has plaintiff shown that the

Commissioner waived the Regulation requiring the filing of such a detailed and specific claim. The Court is therefore without jurisdiction to entertain this suit.

WHEREFORE, defendant prays that the complaint be dismissed, without prejudice, with all allowable costs assessed against plaintiff.

s/ W. C. Rapp
W. C. RAPP
*Attorney of Record*
*U.S. Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
*Voice: (202) 307-0503*
*Fax: (202) 514-9440*
*Email: william.c.rapp2@usdoj.gov*

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID GUSTAFSON
*Acting Chief, Court of Federal Claims Section*

January 27, 2006

s/ David Gustafson
Of Counsel