TOTAL P.01

PRICEWATERHOUSECOOPERS

PricewaterhouseCoopers LLP
Washington National Tax Services
1301 K Street NW, 800W
Washington DC 20005-3333
Telephone (202) 414 1000
Facsimile (202) 414 1301

COMPLEX UNIT II
RECEIVED
FEB 23 2001
TPR BRANCH
OGDEN

February 23, 2001

Internal Revenue Service
1160 East 1200 South
Mail Stop 6800
Ogden, UT 84201

Subject: Parker Hannifin Corporation, EIN: 34-0451060
Form 1120, Tax Year Ending June 30, 1987 (8706)

Dear Sir or Madam:

With respect to the computation of deficiency interest for the subject tax year, enclosed for your review are enhanced estimated tax/payment worksheets, which when considered, will result in a reduction to the deficiency interest assessed on the 8706 tax year. The worksheets included with this claim further clarify when and how the Parker Hannifin Corporation (PHC) overpayment credit elects and payments were utilized in the payment of estimated tax and/or tax due on the respective return due date. The credit elect worksheet (version one) that accompanied our refund claim (letter) of May 26, 2000, is consistent with current IRS procedures and recent Field Service Advice memoranda, but does not contain detailed information regarding: (1) at what point each of the credit elect overpayment amounts were actually effective as a payment against a liability for a subsequent tax year(s), (2) the estimated tax account balance as of the end of each quarterly period, or (3) interest-free refunds received by PHC with respect to originally filed returns.

The revised worksheets show precisely when and how PHC satisfied each of its estimated tax and income tax return liabilities. The worksheets also show the beginning and ending dates of the time periods during which PHC had overpaid its liabilities (during which periods the government would be considered to have use of PHC's funds) and the extent (i.e., amounts) of such overpayments.

To the extent that the Government (1) had use of PHC's funds on any tax account, and (2) did not pay overpayment interest for use of those funds, no deficiency interest should be charged on an underpayment for the same period of time on the same amount of money. If the Government is allowed to charge interest for the period during which it had interest-free use of PHC's funds, the Government will have obtained an unfair double benefit.

COMPLEX UNIT II
RECEIVED
FEB 23 2001
OGDEN

PRICEWATERHOUSECOOPERS

As a result of three separate audit tax adjustments, there was a net general tax increase of $13,850,890 (tax assessment of $51,496, tax assessment of $14,949,394, and tax decrease of $1,150,000) to PHC's 8706 Form 1120 account. Based on "use of money" principles, interest can only be charged for the period of time a tax liability is both due and unpaid. Accordingly, underpayment interest on the above-described net general tax increase for 8706 should only begin to run from the date the Government is deprived of use of that money. The enclosed "Estimated Tax and Payments Utilization Summary" provides a detailed breakdown of the dates that the "use of money" amounts are available to provisionally reduce the balance upon which interest is calculated. To the extent that the IRS computed deficiency interest in a manner inconsistent with "use of money" principles, and PHC paid such interest, PHC is entitled to a credit or refund.

The conclusions reached by IRS Chief Counsel in Field Service Advice memoranda (FSA) 199951008 (Sept. 13, 1999) and 199952006 (Aug. 30, 1999), and Revenue Ruling 99-40, 1999-40 IRB 1 (Oct. 4, 1999) (a copy of which was provided with our original refund claim), are consistent with the decisions in Avon Products, Inc. v. U.S., 588 F.2d 342 (2d Cir. 1978), and The May Department Stores Co. v. U.S. [96-2 USTC para. 50,596], 36 Fed. Cl. 680 (1996), acq. AOD CC-1997-008 (Aug. 4, 1997). However, in the FSAs the IRS did not address (1) situations where the overpayment credit elect remained unused beyond the return due date for the succeeding tax year(s) and is not used against subsequent liabilities for those years, or (2) situations in which the estimated tax payments exceed the estimated tax liabilities. From a "use of money" perspective, only a detailed analysis of all liabilities, payments, and time periods will correctly establish who had use of whose money and for what period of time, the fundamental factors upon which the concept of interest is based.

In PHC's case, the overpayment credit elect amounts at issue were not used on the return due dates of the succeeding tax years. In addition, PHC overpaid many of its estimated tax installments (as demonstrated by the Estimated Tax/Payment Summary). Accordingly, the recomputation and reduction of interest for 8706 should take into consideration any period of time that the Government is considered to have interest free use of PHC funds, including, but not limited to, unused overpayment credit elects, overpaid estimated tax installments, and interest free refunds. By considering all "use of money" conditions, the correct interest

PRICEWATERHOUSECOOPERS

amount will be determined and neither the Government nor the taxpayer will receive an inequitable double benefit.

Enclosed is a Form 2848, "Power of Attorney and Declaration of Representative," authorizing you to work directly with PricewaterhouseCoopers LLP in resolving these issues. Please call Theresa Reiger at (801) 334-2122, or me at (202) 414-1671, if you have any questions regarding these accounts or the requested interest adjustments. Thank you in advance for your assistance in handling the Parker Hannifin Corporation corporate accounts.

Sincerely,

Diana McCarthy

Diana McCarthy
PricewaterhouseCoopers LLP

Enclosures: Year-by year Estimated Tax and Payments Analyses
Estimated Tax and Payments Utilization Summary
Revenue Ruling 99-40
Form 2848, Power of Attorney

cc: William R. Hoelting, Parker Hannifin Corporation
Charles N. Hirsch, Parker Hannifin Corporation
Julian G. Buck, PricewaterhouseCoopers

**PARKER HANNIFIN CORPORATION**
**CREDIT ELECT ANALYSIS**
**TAX YEAR ENDING JUNE 30, 1988**

**8806 OVERPAYMENT CREDIT ELECT FROM 8706 $628,463**

| | 10/15/1987 | 12/15/1987 | 03/15/1988 | 06/15/1988 |
|---|---|---|---|---|
| INSTALLMENT DUE (Form 2220) | 11,013,150 | 11,013,150 | 11,013,150 | 11,013,149 |
| AMOUNT PAID (Excluding credit elect amount) | (13,500,000) | (11,500,000) | (7,500,000) | (20,000,000) |
| OVERPAID | (2,486,850) | (486,850) | - | (8,986,851) |
| UNDERPAID | - | - | 3,513,150 | - |
| | - | - | | |
| OVERPAID 10/15/87 USED | - | - | (2,486,850) | - |
| OVERPAID 12/15/87 USED | - | - | (486,850) | - |
| CREDIT ELECT UTILIZED | - | - | **(539,450)** | - |
| TOTAL OVERPAID | (3,115,313) | (3,602,163) | (89,013) | (9,075,864) |
| TAX DUE ON 8806 RETURN | | | | 48,947,332 |
| ESTIMATED TAX PAYMENTS | | | | (52,500,000) |
| **8706 CREDIT ELECT UTILIZED 03/15/88** | | | | **(539,450)** |
| CURRENT YEAR OVERPAYMENT | | | | (4,092,118) |
| 8706 UNUSED CREDIT ELECT | | | | (89,013) |
| **TOTAL OVERPAYMENT CREDIT ELECT APPLIED TO 8906** | | | | **(4,181,131)** |

**PARKER HANNIFIN CORPORATION**
**CREDIT ELECT ANALYSIS**
**TAX YEAR ENDING JUNE 30, 1989**

**8906 OVERPAYMENT CREDIT ELECT FROM 8806 $4,181,131**

| | 10/15/1988 | 12/15/1988 | 03/15/1989 | 06/15/1989 |
|---|---|---|---|---|
| INSTALLMENT DUE (90% of tax) | 7,881,156 | 7,881,156 | 7,881,156 | 7,881,157 |
| AMOUNT PAID (Excluding credit elect amount) | (8,000,000) | (8,000,000) | (8,000,000) | (8,000,000) |
| OVERPAID | (118,844) | (118,844) | (118,844) | (118,843) |
| UNDERPAID | - | - | - | - |
| CREDIT ELECT UTILIZED | - | - | - | - |
| TOTAL OVERPAID | (4,299,975) | (4,418,819) | (4,537,633) | (4,656,506) |
| TAX DUE ON 8906 RETURN | | | | 35,027,361 |
| ESTIMATED TAX PAYMENTS | | | | (32,000,000) |
| TIMELY PAYMENT | | | | (2,500,000) |
| TOTAL DUE BEFORE CREDIT ELECT APPLIED | | | | 527,361 |
| 8806 UNUSED CREDIT ELECT | | | | (4,181,131) |
| **TOTAL OVERPAYMENT CREDIT APPLIED TO 9006** | | | | **(3,653,770)** |

**PARKER HANNIFIN CORPORATION**
**CREDIT ELECT ANALYSIS**
**TAX YEAR ENDING JUNE 30, 1990**

**9006 OVERPAYMENT CREDIT ELECT FROM 8906 $3,653,770**

| | 10/15/1989 | 12/15/1989 | 03/15/1990 | 06/15/1990 |
|---|---|---|---|---|
| INSTALLMENT DUE (Form 2220) | 3,633,383 | 3,633,383 | 3,633,383 | 3,633,383 |
| AMOUNT PAID (Excluding credit elect amount) | (9,000,000) | (7,500,000) | (2,000,000) | (5,000,000) |
| OVERPAID | (5,366,617) | (3,866,617) | - | (1,366,617) |
| UNDERPAID | - | - | 1,633,383 | - |
| OVERPAID 10/15/89 USED | - | - | (1,633,383) | - |
| CREDIT ELECT UTILIZED | - | - | - | - |
| TOTAL OVERPAID | (9,020,387) | (12,887,004) | (11,253,621) | (12,620,238) |
| TAX DUE ON 9006 RETURN | | | | 16,148,369 |
| ESTIMATED TAX PAYMENTS | | | | (23,500,000) |
| CURRENT YEAR OVERPAYMENT | | | | (7,351,631) |
| 8906 UNUSED CREDIT ELECT | | | | (3,653,770) |
| **TOTAL OVERPAYMENT CREDIT APPLIED TO 9106** | | | | **(11,005,401)** |

**PARKER HANNIFIN CORPORATION**
**CREDIT ELECT ANALYSIS**
**TAX YEAR ENDING JUNE 30, 1991**

**9106 OVERPAYMENT CREDIT ELECT FROM 9006 $11,005,401**

| | 10/15/1990 | 12/15/1990 | 03/15/1991 | 06/15/1991 |
|---|---|---|---|---|
| INSTALLMENT DUE (Form 2220) | 4,037,092 | 6,049,926 | 5,043,509 | 5,043,509 |
| AMOUNT PAID (Excluding credit elect amount) | (4,000,000) | (4,000,000) | (3,000,000) | (7,500,000) |
| OVERPAID | - | - | - | (2,456,491) |
| UNDERPAID | 37,092 | 2,049,926 | 2,043,509 | - |
| CREDIT ELECT UTILIZED | **(37,092)** | **(2,049,926)** | **(2,043,509)** | - |
| TOTAL OVERPAID | (10,968,309) | (8,918,383) | (6,874,874) | (9,331,365) |
| TAX DUE ON 9106 RETURN | | | | 22,415,595 |
| ESTIMATED TAX PAYMENTS | | | | (18,500,000) |
| **9006 CREDIT ELECT UTILIZED 10/15/90** | | | | **(37,092)** |
| **9006 CREDIT ELECT UTILIZED 12/15/90** | | | | **(2,049,926)** |
| **9006 CREDIT ELECT UTILIZED 03/15/91** | | | | **(2,043,509)** |
| CURRENT YEAR OVERPAYMENT | | | | (214,932) |
| 9007 UNUSED CREDIT ELECT | | | | (6,874,674) |
| **TOTAL OVERPAYMENT CREDIT APPLIED TO 9206** | | | | **(7,089,806)** |

**PARKER HANNIFIN CORPORATION**
**CREDIT ELECT ANALYSIS**
**TAX YEAR ENDING JUNE 30, 1992**

**9206 OVERPAYMENT CREDIT ELECT FROM 9106 $7,089,806**

| | 10/15/1991 | 12/15/1991 | 03/15/1992 | 06/15/1992 |
|---|---|---|---|---|
| INSTALLMENT DUE (Form 2220) | 5,603,899 | 7,459,273 | 6,531,586 | 6,531,586 |
| AMOUNT PAID (Excluding credit elect amount) | (8,500,000) | (6,000,000) | (2,000,000) | (10,000,000) |
| OVERPAID | (2,896,101) | - | - | (3,468,414) |
| UNDERPAID | - | 1,459,273 | 4,531,586 | - |
| OVERPAID 10/15/91 USED | - | (1,459,273) | (1,436,828) | - |
| CREDIT ELECT UTILIZED | - | - | **(3,094,758)** | - |
| TOTAL OVERPAID | (9,985,907) | (8,526,634) | (3,995,048) | (7,463,462) |
| TAX DUE ON 9206 RETURN | | | | 29,028,992 |
| ESTIMATED TAX PAYMENTS | | | | (26,500,000) |
| **9106 CREDIT ELECT UTILIZED 03/15/92** | | | | **(3,094,758)** |
| CURRENT YEAR OVERPAYMENT | | | | (565,766) |
| 9106 UNUSED CREDIT ELECT | | | | (3,995,048) |
| **TOTAL OVERPAYMENT CREDIT APPLIED TO 9306** | | | | **(4,560,815)** |

**PARKER HANNIFIN CORPORATION**
**CREDIT ELECT ANALYSIS**
**TAX YEAR ENDING JUNE 30, 1993**

**9306** **OVERPAYMENT CREDIT ELECT FROM 9206 $4,560,815**

| | 10/15/1992 | 12/15/1992 | 03/15/1993 | 06/15/1993 |
|---|---|---|---|---|
| INSTALLMENT DUE (Form 2220) | 7,257,318 | 10,711,722 | 6,474,144 | 11,950,276 |
| AMOUNT PAID (Excluding credit elect amount) | (10,000,000) | (7,000,000) | (5,000,000) | (10,000,000) |
| OVERPAID | (2,742,682) | - | - | - |
| UNDERPAID | - | 3,711,722 | 1,474,144 | 1,950,276 |
| OVERPAID 10/15/92 USED | - | (2,742,682) | - | - |
| CREDIT ELECT UTILIZED | - | **(969,040)** | **(1,474,144)** | **(1,950,276)** |
| TOTAL OVERPAID | (7,303,497) | (3,591,775) | (2,117,631) | (167,355) |
| TAX DUE ON 1993 RETURN | | | | 41,031,744 |
| ESTIMATED TAX PAYMENTS | | | | (32,000,000) |
| **9206 CREDIT ELECT UTILIZED 12/15/92** | | | | **(969,040)** |
| **9206 CREDIT ELECT UTILIZED 03/15/93** | | | | **(1,474,144)** |
| **9206 CREDIT ELECT UTILIZED 06/15/93** | | | | **(1,950,276)** |
| REFUNDABLE CREDIT | | | | (14,388) |
| TIMELY PAYMENT | | | | (5,000,000) |
| NET REFUND 08/08/94 | | | | 279 |
| CURRENT YEAR OVERPAYMENT | | | | (375,825) |
| 9206 UNUSED CREDIT ELECT | | | | (167,355) |
| **TOTAL OVERPAYMENT CREDIT APPLIED TO 9406** | | | | **(543,180)** |

**PARKER HANNIFIN CORPORATION**
**CREDIT ELECT ANALYSIS**
**TAX YEAR ENDING JUNE 30, 1994**

**9406** **OVERPAYMENT CREDIT ELECT FROM 9306 $543,180**

| | 10/15/1993 | 12/15/1993 | 03/15/1994 | 06/15/1994 |
|---|---|---|---|---|
| INSTALLMENT DUE (Form 2220) | 10,257,936 | 14,611,612 | 12,857,004 | 8,189,176 |
| AMOUNT PAID (Excluding credit elect amount) | (14,000,000) | (14,000,000) | (11,000,000) | (8,000,000) |
| OVERPAID | (3,742,064) | - | - | - |
| UNDERPAID | - | 611,612 | 1,857,004 | 189,176 |
| OVERPAID 10/15/93 USED | - | (611,612) | (1,857,004) | (189,176) |
| CREDIT ELECT UTILIZED | - | - | - | - |
| TOTAL OVERPAID | (4,285,244) | (3,673,632) | (1,816,628) | (1,627,449) |
| TAX DUE ON 9406 RETURN | | | | 54,722,792 |
| ESTIMATED TAX PAYMENTS | | | | (47,000,000) |
| TIMELY PAYMENT | | | | (4,500,000) |
| REFUNDABLE CREDIT | | | | (23,858) |
| PAYMENT WITH RETURN | | | | (2,655,754) |
| TOTAL DUE BEFORE CREDIT ELECT APPLIED | | | | 543,180 |
| 9306 CREDIT ELECT USED 09/15/94 | | | | (543,180) |
| **TOTAL OVERPAYMENT CREDIT APPLIED TO 9506** | | | | - |

**PARKER HANNIFIN CORPORATION**
**CREDIT ELECT ANALYSIS**
**TAX YEAR ENDING JUNE 30, 1995**

**9506 OVERPAYMENT CREDIT ELECT FROM 9406 $.00**

| | 10/15/1994 | 12/15/1994 | 03/15/1995 | 06/15/1995 |
|---|---|---|---|---|
| INSTALLMENT DUE (Form 2220) | 18,797,602 | 18,797,602 | 18,797,601 | 18,797,601 |
| AMOUNT PAID (Excluding credit elect amount) | (21,500,000) | (23,000,000) | (20,000,000) | (20,000,000) |
| OVERPAID | (2,702,398) | (4,202,398) | (1,202,399) | (1,202,399) |
| UNDERPAID | | - | | - |
| CREDIT ELECT UTILIZED | - | - | - | - |
| TOTAL OVERPAID | (2,702,398) | (6,904,796) | (8,107,195) | (9,309,594) |
| TAX DUE ON 9506 RETURN | | | | 75,192,554 |
| ESTIMATED TAX PAYMENTS | | | | (84,500,000) |
| REFUNDABLE CREDIT | | | | (2,148) |
| CURRENT YEAR OVERPAYMENT | | | | (9,309,594) |
| **TOTAL OVERPAYMENT CREDIT APPLIED TO 9606** | | | | **(9,309,594)** |

**PARKER HANNIFIN CORPORATION**
**CREDIT ELECT ANALYSIS**
**TAX YEAR ENDING JUNE 30, 1996**

**9606 OVERPAYMENT CREDIT ELECT FROM 9506 $9,309,594**

| | 10/15/1995 | 12/15/1995 | 03/15/1996 | 06/15/1996 |
|---|---|---|---|---|
| INSTALLMENT DUE (Form 2220) | 18,798,139 | 24,963,472 | 18,237,066 | 25,524,544 |
| AMOUNT PAID (Excluding credit elect amount) | (19,000,000) | (22,000,000) | (13,000,000) | (28,000,000) |
| OVERPAID | (201,861) | - | - | (2,475,456) |
| UNDERPAID | - | 2,963,472 | 5,237,066 | - |
| OVERPAID 10/15/95 USED | - | (201,861) | - | - |
| CREDIT ELECT UTILIZED | - | **(2,761,611)** | **(5,237,066)** | - |
| TOTAL OVERPAID | (9,511,455) | (6,547,983) | (1,310,917) | (3,786,373) |
| TAX DUE ON 9606 RETURN | | | | 87,523,220 |
| ESTIMATED TAX PAYMENTS | | | | (82,000,000) |
| **9506 CREDIT ELECT UTILIZED 12/15/95** | | | | **(2,761,611)** |
| **9506 CREDIT ELECT UTILIZED 03/15/96** | | | | **(5,237,066)** |
| CURRENT YEAR OVERPAYMENT | | | | (2,475,457) |
| 9506 UNUSED CREDIT ELECT | | | | (1,310,917) |
| **TOTAL OVERPAYMENT CREDIT APPLIED TO 9706** | | | | **(3,786,374)** |

**PARKER HANNIFIN CORPORATION**
**CREDIT ELECT ANALYSIS**
**TAX YEAR ENDING JUNE 30, 1997**

**9706 OVERPAYMENT CREDIT ELECT FROM 9606 $3,786,374**

| | 10/15/1996 | 12/15/1996 | 03/15/1997 | 06/15/1997 |
|---|---|---|---|---|
| INSTALLMENT DUE (Form 2220) | 21,880,805 | 31,058,726 | 23,535,001 | 24,474,674 |
| AMOUNT PAID (Excluding credit elect amount) | (22,000,000) | (30,000,000) | (22,000,000) | (24,500,000) |
| OVERPAID | (119,195) | - | - | (25,326) |
| UNDERPAID | - | 1,058,726 | 1,535,001 | - |
| OVERPAID 10/15/96 USED | - | (119,195) | - | - |
| CREDIT ELECT UTILIZED | - | **(939,531)** | **(1,535,001)** | - |
| TOTAL OVERPAID | (3,905,569) | (2,846,843) | (1,311,842) | (1,337,168) |
| TAX DUE ON 9706 RETURN | | | | 105,879,061 |
| ESTIMATED TAX PAYMENTS | | | | (98,500,000) |
| **9606 CREDIT ELECT UTILIZED 12/15/96** | | | | **(939,531)** |
| **9606 CREDIT ELECT UTILIZED 03/15/97** | | | | **(1,535,001)** |
| TIMELY PAYMENT | | | | (3,000,000) |
| PAYMENT WITH RETURN | | | | (592,687) |
| TOTAL DUE BEFORE CREDIT ELECT APPLIED | | | | 1,311,842 |
| 9606 USED 09/15/97 | | | | (1,311,842) |
| **TOTAL OVERPAYMENT CREDIT APPLIED TO 9806** | | | | - |

**PARKER HANNIFIN CORPORATION**
**CREDIT ELECT ANALYSIS**
**TAX YEAR ENDING JUNE 30, 1998**

**9806** **OVERPAYMENT CREDIT ELECT FROM 9706 $.00**

| | 10/15/1997 | 12/15/1997 | 03/15/1998 | 06/15/1998 |
|---|---|---|---|---|
| INSTALLMENT DUE (100% of tax) | 26,469,765 | 27,604,327 | 27,037,046 | 27,037,046 |
| AMOUNT PAID (Excluding credit elect amount) | (26,500,000) | (52,000,000) | (17,000,000) | (32,000,000) |
| OVERPAID | (30,235) | (24,395,673) | - | (4,962,954) |
| UNDERPAID | - | - | 10,037,046 | - |
| OVERPAID 10/15/97 USED | - | - | (30,235) | - |
| OVERPAID 12/15/97 USED | - | - | (10,006,811) | - |
| CREDIT ELECT UTILIZED | - | - | - | - |
| TOTAL OVERPAID | (30,235) | (24,425,908) | (14,388,862) | (19,351,816) |
| TAX DUE ON 9806 RETURN | | | | 108,148,184 |
| ESTIMATED TAX PAYMENTS | | | | (127,500,000) |
| CURRENT YEAR OVERPAYMENT | | | | (19,351,816) |
| **TOTAL OVERPAYMENT CREDIT APPLIED TO 9906** | | | | **(19,351,816)** |

**PARKER HANNIFIN CORPORATION**
**CREDIT ELECT ANALYSIS**
**TAX YEAR ENDING JUNE 30, 1999**

**9906 OVERPAYMENT CREDIT ELECT FROM 9806 $19,351,816**

| | 10/15/1998 | 12/15/1998 | 03/15/1999 | 06/15/1999 |
|---|---|---|---|---|
| INSTALLMENT DUE (Form 2220) | 27,037,046 | 27,199,146 | 27,118,096 | 25,483,006 |
| AMOUNT PAID (Excluding credit elect amount) | (13,000,000) | (44,000,000) | (10,000,000) | (21,000,000) |
| OVERPAID | - | (16,800,854) | - | - |
| UNDERPAID | 14,037,046 | - | 17,118,096 | 4,483,006 |
| OVERPAID 12/15/98 USED | | | (16,800,854) | |
| CREDIT ELECT UTILIZED | **(14,037,046)** | - | **(317,242)** | **(4,483,006)** |
| TOTAL OVERPAID | (5,314,770) | (22,115,624) | (4,997,528) | (514,522) |
| TAX DUE ON 9906 RETURN | | | | 108,472,384 |
| ESTIMATED TAX PAYMENTS | | | | (88,000,000) |
| **9806 CREDIT ELECT UTILIZED 10/15/98** | | | | **(14,037,046)** |
| **9806 CREDIT ELECT UTILIZED 03/15/98** | | | | **(317,242)** |
| **9806 CREDIT ELECT UTILIZED 06/15/99** | | | | **(4,483,006)** |
| TIMELY PAYMENT | | | | (5,000,000) |
| CURRENT YEAR OVERPAYMENT | | | | (3,364,910) |
| 9806 UNUSED CREDIT ELECT | | | | (514,522) |
| **TOTAL OVERPAYMENT CREDIT APPLIED TO 2006** | | | | **(3,879,432)** |

PARKER HANNIFIN CORPORATION
ESTIMATED TAX AND PAYMENTS
UTILIZATION SUMMARY

| Overpayment Years | Explanation | Credit Elect & Est. Payt. Amounts | Use of Money-Time Period | Tax Deficiency Years / Use of Money Amounts: 8709 | 8906 | 9006 | 9106 | 9206 | 9306 | 9406 |
|---|---|---|---|---|---|---|---|---|---|---|
| 8806 | Credit Elect Amount | **(628,463)** | 09/15/1987 | **(628,463)** | | | | | | |
| | Overpaid Installment | **(2,486,850)** | 10/15/1987 | **(2,486,850)** | | | | | | |
| | Overpaid Installment | **(486,850)** | 12/15/1987 | **(486,850)** | | | | | | |
| | Installment Paid | 3,513,150 | 03/15/1988 | 3,513,150 | | | | | | |
| | Overpaid Installment | **(8,986,851)** | 06/15/1988 | **(8,986,851)** | | | | | | |
| | 8806 Tax Due RDD | 4,894,733 | 09/15/1988 | 4,894,733 | | | | | | |
| | Credit Elect to 8906 | 4,181,131 | 09/15/1988 | 4,181,131 | | | | | | |
| 8906 | Credit Elect Amount | **(4,181,131)** | 09/15/1988 | **(4,181,131)** | | | | | | |
| | Overpaid Installment | **(118,844)** | 10/15/1988 | **(118,844)** | | | | | | |
| | Overpaid Installment | **(118,844)** | 12/15/1988 | **(118,844)** | | | | | | |
| | Overpaid Installment | **(118,844)** | 03/15/1989 | **(118,844)** | | | | | | |
| | Overpaid Installment | **(118,843)** | 06/15/1989 | **(118,843)** | | | | | | |
| | 8906 Tax Due RDD | 1,002,736 | 09/15/1989 | 1,002,736 | | | | | | |
| | Credit Elect to 9006 | 3,653,770 | 09/15/1989 | 3,653,770 | | | | | | |
| 9006 | Credit Elect Amount | **(3,653,770)** | 09/15/1989 | **(956,190)** | **(2,697,580)** | | | | | |
| | Overpaid Installment | **(5,366,617)** | 10/15/1989 | **(5,366,617)** | | | | | | |
| | Overpaid Installment | **(3,866,617)** | 12/15/1989 | **(3,866,617)** | | | | | | |
| | Installment Paid | 1,633,383 | 03/15/1990 | **(1,064,197)** | 2,697,580 | | | | | |
| | Overpaid Installment | **(1,366,617)** | 06/15/1990 | **(1,366,617)** | | | | | | |
| | 9006 Tax Due RDD | 1,614,837 | 09/15/1990 | 1,614,837 | | | | | | |
| | Credit Elect to 9106 | 11,005,401 | 09/15/1990 | 11,005,401 | | | | | | |

PARKER HANNIFIN CORPORATION
ESTIMATED TAX AND PAYMENTS
UTILIZATION SUMMARY

| | | | | Tax Deficiency Years | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Overpayment Years | Explanation | Credit Elect & Est. Payt. Amounts | Use of Money-Time Period | 8709 | 8906 | 9006 | 9106 | 9206 | 9306 | 9406 |
| | | | | Use of Money Amounts | | | | | | |
| 9106 | Credit Elect Amount | **(11,005,401)** | 09/15/1990 | **(3,292,852)** | | **(7,712,549)** | | | | |
| | Installment Paid | 37,092 | 10/15/1990 | 37,092 | | | | | | |
| | Installment Paid | 2,049,926 | 12/15/1990 | 2,049,926 | | | | | | |
| | Installment Paid | 2,043,509 | 03/15/1991 | 1,205,834 | | 837,675 | | | | |
| | | | 04/29/1991 | **(194,899)** | | 194,899 | | | | |
| | Overpaid Installment | **(2,456,491)** | 06/15/1991 | **(2,456,491)** | | | | | | |
| | 9106 Tax Due RDD | 2,241,559 | 09/15/1991 | 2,241,559 | | | | | | |
| | Credit Elect to 9206 | 7,089,806 | 09/15/1991 | 409,831 | | 6,679,975 | | | | |
| 9206 | Credit Elect Amount | **(7,089,806)** | 09/15/1991 | **(4,910,704)** | | | **(2,179,102)** | | | |
| | Overpaid Installment | **(2,896,101)** | 10/15/1991 | **(2,896,101)** | | | | | | |
| | Installment Paid | 1,459,273 | 12/15/1991 | 1,459,273 | | | | | | |
| | Installment Paid | 4,531,586 | 03/15/1992 | 4,531,586 | | | | | | |
| | Overpaid Installment | **(3,468,414)** | 06/15/1992 | **(3,468,414)** | | | | | | |
| | 9206 Tax Due RDD | 2,902,648 | 09/15/1992 | 2,902,648 | | | | | | |
| | Credit Elect to 9306 | 4,560,815 | 09/15/1992 | 2,381,713 | | | 2,179,102 | | | |
| 9306 | Credit Elect Amount | **(4,560,815)** | 09/15/1992 | **(2,848,737)** | | | | **(1,712,078)** | | |
| | Overpaid Installment | **(2,742,682)** | 10/15/1992 | **(2,742,682)** | | | | | | |
| | Installment Paid | 3,711,722 | 12/15/1992 | 3,711,722 | | | | | | |
| | Installment Paid | 1,474,144 | 03/15/1993 | 1,474,144 | | | | | | |
| | Installment Paid | 1,950,276 | 06/15/1993 | 405,553 | | | | 1,544,723 | | |
| | Timely Payment | **(5,000,000)** | 09/15/1993 | **(5,000,000)** | | | | | | |
| | Refundable Credit | **(14,388)** | 09/15/1993 | **(14,388)** | | | | | | |
| | Refund Paid | 279 | 09/15/1993 | 279 | | | | | | |
| | 9306 Tax Due RDD | 4,638,284 | 09/15/1993 | 4,638,284 | | | | | | |
| | Credit Elect to 9306 | 543,180 | 09/15/1993 | 375,825 | | | | 167,355 | | |

PARKER HANNIFIN CORPORATION
ESTIMATED TAX AND PAYMENTS
UTILIZATION SUMMARY

| Overpayment Years | Explanation | Credit Elect & Est. Payt. Amounts | Use of Money-Time Period | Tax Deficiency Years: 8709 | 8906 | 9006 | 9106 | 9206 | 9306 | 9406 |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Use of Money Amounts | | | | | | |
| 9406 | Credit Elect Amount | **(543,180)** | 09/15/1993 | **(380,796)** | | | | | **(162,384)** | |
| | Overpaid Installment | **(3,742,064)** | 10/15/1993 | **(3,742,064)** | | | | | | |
| | Installment Paid | 611,612 | 12/15/1993 | 611,612 | | | | | | |
| | Installment Paid | 1,857,004 | 03/15/1994 | 1,857,004 | | | | | | |
| | Installment Paid | 189,176 | 06/15/1994 | 189,176 | | | | | | |
| | Refundable Credit | **(23,858)** | 09/15/1994 | **(23,858)** | | | | | | |
| | Timely Payment | **(4,500,000)** | 09/15/1994 | **(4,500,000)** | | | | | | |
| | 9406 Tax Due RDD | 8,807,064 | 09/15/1994 | 8,644,680 | | | | | 162,384 | |
| | Payment with Return | **(2,655,754)** | | **(2,655,754)** | | | | | | |
| 9506 | Overpaid Installment | **(2,702,398)** | 10/15/1994 | **(2,702,398)** | | | | | | |
| | Overpaid Installment | **(4,202,398)** | 12/15/1994 | **(4,202,398)** | | | | | | |
| | | | | 6,904,796 | | | | | | |
| | Overpaid Installment | **(1,202,399)** | 03/15/1995 | | | | | | | |
| | Overpaid Installment | **(1,202,399)** | 06/15/1995 | | | | | | | |
| | 1993 Tax Due RDD | - | 09/15/1995 | | | | | | | |
| | Credit Elect to 9606 | 9,309,594 | 10/15/1995 | | | | | | | |

# REV-RUL, 99FED ¶46,556, Revenue Ruling 99-40, I.R.B. 1999-40, 441, (Sep. 16, 1999)

*Copyright © 2001 CCH INCORPORATED. All rights reserved.*

Revenue Ruling 99-40, I.R.B. 1999-40, 441, September 16, 1999.

[*Code Secs. 163 , 6402 , 6403 , 6601 , 6654 , 6655 and 6154 , prior to repeal by P.L. 100-203* ]

**Deficiency: Interest: Accrual date: Reported overpayment: Credit against estimated tax: Refund: Installment payments: Designation.--The IRS has provided guidance regarding the date on which interest begins to accrue on a deficiency determined and assessed after the taxpayer reports an overpayment for the tax year in which the deficiency arose. Interest will be assessed as of the date on which the IRS refunds the overpayment without interest, or the date on which it applies the overpayment against a succeeding year's estimated taxes. Interest will be assessed on any remaining portion of the deficiency from the original due date of the tax for the overpayment return year. An overpayment applied to a succeeding year's estimated taxes is applied to unpaid installments in the order in which they must be paid to avoid liability for the penalty for failure to pay estimated tax. Thus, designations of all or part of the overpayments to specific installments are not necessary and will not be accepted after October 4, 1999. However, the guidance will not apply adversely to taxpayers that designated an overpayment to apply to an installment of estimated tax prior to that date. Rev. Rul. 88-98 , 1988-2 CB 356; Rev. Rul. 84-58 , 1984-1 CB 254; and Rev. Rul. 77-475 , 1977-2 CB 476 are modified and superseded. Back references: ¶9104.085 , 9104.086 , 38,519.106 , 38,550.01 , 39,415.013 , 39,415.0851 , 39,415.1835 , 39,560.20 , 39,575.65 and 44,510.60 .**

ISSUE

If an overpayment claimed on a return is credited to the succeeding year's estimated tax or refunded without interest, from what date will interest be assessed on a subsequently determined deficiency for the overpayment return year?

FACTS

*Situation 1. X* Corporation files its federal income tax returns on a calendar year basis. For 1995, *X* made timely estimated tax payments of $100x. On March 15, 1996, *X* filed Form 7004, Application for Automatic Extension of Time to File Corporation Income Tax Return, and received a 6-month extension of time to file its income tax return. *X* paid $120x with the request for extension. On September 15, 1996, *X* filed Form 1120, U.S. Corporation Income Tax Return, for 1995 showing a tax liability of $210x and elected to have the overpayment of $10x credited against its 1996 estimated tax. The $10x overpayment is deemed to arise on March 15, 1996. *X* 's required estimated tax for 1996 was $100x. In order to avoid the addition to tax for underpayment of estimated tax for 1996, *X* was required to make payments of $25x each on April 15, 1996, June 15, 1996, September 15, 1996, and December 15, 1996. *X* timely made the required $25x payments in April and June. On September 15, *X* made a payment of $15x. In 1998, the Internal Revenue Service examined *X* 's 1995 return and determined that *X* 's correct 1995 tax was $215x, resulting in a deficiency of $5x.

*Situation 2.* The facts are the same as in *Situation 1* except that *X* paid $23x on April 15, 1996, and $14x on June 15, 1996, instead of the required payments of $25x on each of these dates.

*Situation 3. A* , an individual, files federal income tax returns on a calendar year basis. In 1995, *A* made timely estimated tax payments of $100x. On April 15, 1996, *A* filed Form 4868, Application for Automatic Extension of Time to File U.S. Individual Income Tax Return, and

received a 4-month extension of time to file *A* 's income tax return. On August 15, 1996, *A* filed Form 1040, U.S. Individual Income Tax Return, for 1995 showing tax due of $80x, and requested a refund of the $20x overpayment. The overpayment is deemed to arise on April 15, 1996. The refund was made within 45 days of the date the timely return was filed, by a check dated September 14, 1996. In 1998, the Service examined *A* 's 1995 return and determined that the correct tax was $85x, resulting in a deficiency of $5x.

*Situation 4.* The facts are the same as in *Situation 3* , except that *A* 's correct tax liability was $105x, resulting in a deficiency of $25x.

LAW AND ANALYSIS

Section 6601(a) of the Internal Revenue Code provides that if any amount of tax is not paid on or before the last date prescribed for payment, interest will be paid on the amount from such last date to the date paid. Section 6151(a) provides, in general, that the date prescribed for payment is the time fixed for filing the return, determined without regard to any extension of time for filing. Section 6601 (b)(1) provides that for determining interest on underpayments, the "last date prescribed for payment" is determined without regard to any extension of time for payment or filing.

Section 6402(b) states that the Secretary is authorized to prescribe regulations providing for the crediting against the estimated tax for any taxable year of the amount determined by the taxpayer or the Secretary to be an overpayment of the income tax for the preceding taxable year.

Section 301.6402-3(a)(5) of the Regulations on Procedure and Administration provides that a taxpayer may elect to apply all or part of the overpayment shown by its return to its estimated tax for the succeeding tax year by so indicating on its return. No interest is allowed on the portion of the overpayment credited and the amount of the credit is applied as a payment on account of the estimated income tax for the year or the installments thereof. *See also* §301.6611-1(h)(2)(vii) .

In Rev. Rul. 77-475 , 1977-2 C.B. 476, revoked by Rev. Rul. 83-111 , 1983-2 C.B. 245, reinstated and modified by Rev. Rul. 84-58 , the Service held that if an overpayment of income tax for a taxable year occurs on or before the due date of the first installment of estimated tax for the succeeding taxable year, the overpayment is available for credit against any installment of estimated tax for such succeeding taxable year and will be credited in accordance with the taxpayer's election. If the overpayment occurs after the due date of the first installment of estimated tax for the succeeding taxable year, it may be credited only against an installment of estimated tax due on or after the date the overpayment was made. Under these circumstances, §6655(b)(3) provides that a payment of estimated tax by a corporation is credited against unpaid required installments in the order in which the installments are required to be paid. Section 6654(b)(3) provides the same rule for individuals.

The Tax Reform Act of 1984, §413 , 1984-3 (Vol. 1) C.B. 301, provides that the application of the Code with respect to the crediting of an overpayment against estimated tax shall be determined without regard to Rev. Rul. 83-111 and with full regard to the rules in effect prior to Rev. Rul. 83-111 . The legislative history provides that "[w]here the credit is made to an estimated tax payment arising prior to the election [to credit the overpayment], interest on the overpayment will not be payable, and interest on the underpayment which arises because of a deficiency in tax for the prior year will run from the date the credit is effective." H. R. Rep. No. 98-432, Pt. 2, 98th Cong., 2d Sess. 1489-90 (1984).

Rev. Rul. 84-58 , 1984-1 C.B. 254, holds that for returns filed after December 31, 1983, when a taxpayer elects to have an income tax overpayment credited against the succeeding year's estimated tax, the Service will apply overpayments arising on or before the due date of the return against the first installment payment of the succeeding year's estimated tax, unless the taxpayer requests that it be applied to a later installment.

Rev. Rul. 88-98 , 1988-2 C.B. 356, holds that when a taxpayer claims an overpayment on a return filed either on the original due date or on extension, and the claimed overpayment is applied in

full against an installment of the succeeding year's estimated tax, interest on a subsequently determined deficiency for the earlier year runs from the due date of that installment on the part of the deficiency that is equal to or less than the claimed overpayment and from the original due date of the return on the remainder. Rev. Rul. 88-98 follows *Avon Products, Inc. v. United States* , 588 F.2d 342 (2d Cir. 1978), in which the court interpreted §6601(a) to mean that interest on a deficiency can only be charged when the tax is both due and unpaid. The date the overpayment becomes a payment on account of the succeeding year's estimated tax determines the date the prior year's tax became unpaid for purposes of §6601(a) . Prior to that date the government has the use of the funds with respect to the prior year's tax, and no interest is payable on the overpayment that is the subject of the taxpayer's election. *See* §301.6402-3(a)(5) and §301.6611-1(h)(2)(vii) . In the case of a refund made without interest under §6611(e) , the date on which the tax is both due and unpaid is the date when the amount in question is refunded, even when that date is subsequent to the date of the claim for refund.

In Situation 2 of Rev. Rul. 88-98 , the Service applied the taxpayer's 1983 overpayment to the first installment of its 1984 taxes because the taxpayer did not indicate the installment to which the overpayment was to be applied. Rev. Rul. 88-98 held in Situation 2 that, because the overpayment was applied to the first installment, interest ran from April 15, 1984, on a subsequently determined deficiency for 1983 that was equal to or less than the claimed overpayment. However, Situation 2 does not indicate whether the taxpayer had actually made all or part of the April 15th estimated tax payment. Thus, it is not clear whether the taxpayer received any benefit of the overpayment as a payment of the April 15th installment.

In *May Department Stores Co. v. United States* , 36 Fed. Cl. 680 (1996), *acq.* AOD CC-1997-008 (Aug. 4, 1997), the taxpayer elected to credit an overpayment shown on its 1983 tax return to the succeeding year's estimated tax liability but did not attach a statement to its return indicating the installment to which the Service should credit the overpayment. Pursuant to Rev. Rul. 84-58 , the Service applied the overpayment to the first installment. A deficiency was determined for the taxpayer's 1983 tax year and interest was assessed by the Service on the deficiency from the due date of the first installment in accordance with Situation 2 of Rev. Rul. 88-98 . However, the taxpayer had made estimated tax payments sufficient to avoid the addition to tax imposed by §6655 for 1984 for the first and second installments of estimated tax due for 1984. The court concluded that the Service's application of the taxpayer's 1983 overpayment to the first installment did not change the fact that the government had the use of the taxpayer's overpayment from the due date of the first installment (May 15) to the date the overpayment was applied to the third installment (October 15) since the overpayment was not needed to satisfy any installment of estimated tax due during that period.

In light of the *May Department Stores* decision, the Service has reconsidered the manner in which interest on a subsequently determined deficiency is computed under §6601(a) when the taxpayer makes an election to apply an overpayment to the succeeding year's estimated taxes. When a taxpayer elects to apply an overpayment to the succeeding year's estimated taxes, the overpayment is applied to unpaid installments of estimated tax due on or after the date(s) the overpayment arose, in the order in which they are required to be paid to avoid an addition to tax for failure to pay estimated income tax under §§6654 or 6655 with respect to such year. The Service will assess interest on a subsequently determined deficiency for the overpayment year from the date(s) that the overpayment is applied to the succeeding year's estimated taxes.

Since the overpayment will be applied in the order necessary to avoid the addition to tax for underpayment of estimated tax, designation of all or part of the overpayment to a specific estimated tax installment is not necessary. Accordingly, the Service will not accept such designations after October 4, 1999.

In *Situation 1* , interest on the $5x deficiency for 1995 runs from September 15, 1996, the date on which the $10x overpayment is applied to *X* 's third installment of 1996 estimated taxes. The overpayment was not needed to satisfy an installment of estimated tax prior to September 15, 1996.

In *Situation 2* , interest on the $5x deficiency for 1995 runs from June 15, 1996, the date on

which the overpayment is applied to *X* 's 1996 estimated taxes. A portion ($2x) of the overpayment is applied to the April 15th installment of 1996 estimated tax. The remaining $8x of the overpayment is applied to *X* 's June 15th installment of 1996 estimated tax. Because the $8x portion of the return overpayment exceeded the subsequently determined deficiency of $5x, interest does not begin to run for 1995 before the date that portion was applied to *X* 's 1996 estimated taxes.

In *Situation 3* , interest on the $5x deficiency runs from September 14, 1996. Although *A* 's 1995 taxes were due on April 15, 1996, *A* 's 1995 taxes were not underpaid until the $20x was refunded without interest to *A* on September 14, 1996.

In *Situation 4* , interest runs from September 14, 1996, on $20x of the deficiency, and from April 15, 1996, on the remaining $5x of the deficiency. Because *A* 's 1995 taxes of $105x were due on April 15, 1996, and *A* had only paid $100x as of that date, *A* 's 1995 taxes were underpaid by $5x on April 15, 1996. Nevertheless, *A* was not underpaid with respect to the $20x until that amount was refunded to *A* on September 14, 1996.

In all situations, the estimated tax rules in effect for the tax year for which the election to credit a return overpayment is effective are used to determine when the overpayment is applied to that tax year's estimated taxes, and, thus, for determining when interest begins to run on the subsequently determined deficiency.

HOLDING

When a taxpayer reports an overpayment on its income tax return, interest will be assessed on that portion of a subsequently determined deficiency for the overpayment return year that is less than or equal to the overpayment as of: (1) the date on which the Service refunds the overpayment without interest; or (2) the date on which the overpayment is applied to the succeeding year's estimated taxes. Interest will be assessed on any remaining portion of the deficiency from the original due date of the tax for the overpayment return year.

EFFECT ON OTHER REVENUE RULINGS

Rev. Rul. 88-98 , Rev. Rul. 84-58 , and Rev. Rul. 77-475 are modified and, as modified, are superseded.

PROSPECTIVE APPLICATION

Pursuant to §7805(b) , this ruling will not be applied adversely to a taxpayer that designated an overpayment to apply to an installment of estimated tax in accordance with Rev. Rul. 84-58 prior to October 4, 1999.

DRAFTING INFORMATION

The principal author of this revenue ruling is John J. McGreevy of the Office of Assistant Chief Counsel (Income Tax and Accounting). For further information regarding this revenue ruling contact Mr. McGreevy at (202) 622-4910 (not a toll-free call).

*Copyright © 2001 CCH INCORPORATED. All rights reserved.*

Form 2848 (Rev. December 1997)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150
For IRS Use Only
Received by:
Name
Telephone
Function
Date

**Part I** **Power of Attorney** (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| PARKER HANNIFIN CORPORATION<br>6035 PARKLAND BLVD<br>MAYFIELD HEIGHTS OH 44124 | | 34-0451060 |
| | Daytime telephone number | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Garth R. Gunter<br>1055 Broadway - 10th Floor<br>Kansas City, MO 64105 | CAF No. 2006-12260R<br>Telephone No. (816)218-1714<br>Fax No. (816)218-1891<br>Check if new: Address ☐ Telephone No. ☐ |
| Theresa Reiger<br>4155 Harrison Blvd. Suite 110<br>Ogden, UT 84403 | CAF No. 8006-08024R<br>Telephone No. (801)334-2122<br>Fax No. (801)621-4498<br>Check if new: Address ☐ Telephone No. ☐ |
| Diana McCarthy<br>1 Colesville Manor Ct<br>Silver Spring, MD 20904 | CAF No. 2605-82194R<br>Telephone No. (202)414-1671<br>Fax No. (202)414-1301<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1120 | 8806, 8906, 9406, 950, 8006,8406, 8506, 8706 |
| | | |
| | | |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) ▶ ☒

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: Authority is hereby provided to substitue or delegate authority to other represntatives. Authority to execute waivers, consents, or agreements or to sign returns is hereby denied.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here ________ and list the name of that representative below.

Name of representative to receive refund check(s) ▶

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.**



ISA
STF FED4675F.1

**7 Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . ▶ ☒

b If you also want the second representative listed to receive a copy of such notices and communications, check this box . ▶ ☒

c If you do not want any notices or communications sent to your representative(s), check this box . . . ▶ ☐

**8 Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here . . . ▶ ☒

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**9 Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

[signature] 5-22-00 V.P. FINANCE & ADMIN.

Signature Date Title (if applicable)

MICHAEL J. HIEMSTRA

Print Name

Signature Date Title (if applicable)

Print Name

## Part II Declaration of Representative

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.

b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.

c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.

d Officer — a bona fide officer of the taxpayer's organization.

e Full-Time Employee — a full-time employee of the taxpayer.

f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).

g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).

h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| C | 99-59606 | [signature] Diana G. McCarthy | 5-10-00 |
| C | 99-65652 | [signature] | 5-10-00 |
| C | 99-59990 | [signature] Theresa Feigel | 5-10-00 |

STF FED4675F.2